IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DONALD R. CLUTE**,

      Plaintiff,                                                          No. CV 10-6050-MO

          v.                                                          OPINION AND ORDER

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security**,

      Defendant.

      **MOSMAN, J.**,

      Plaintiff Donald Clute ("Clute") challenges the Commissioner's decision finding him not

disabled and denying his application for Disability Insurance Benefits ("DIB"). I have jurisdiction

under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and

remanded for further proceedings.

      I review the Commissioner's decision to ensure the Commissioner applied proper legal

standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. §

405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

## BACKGROUND

      Mr. Clute initially alleged disability since March 7, 2004, due to knee, hip, and back

conditions, post-traumatic stress disorder, and an unspecified sleep disorder. AR 73–74. An

1 – OPINION AND ORDER

Administrative Law Judge ("ALJ") held a hearing June 25, 2007. Mr. Clute testified at this hearing that he also had limitations due to migraine headaches. AR 676. The ALJ subsequently found Mr. Clute not disabled on August 23, 2007. AR 23–24. Mr. Clute appealed the matter to this court, and on March 17, 2009, this court remanded the matter for further proceedings. AR 713–14. This court's order specifically instructed the ALJ to address Mr. Clute's "assertion of limitations in dealing with people." AR 714.

The ALJ held a second hearing on December 8, 2009, and again found Mr. Clute not disabled on December 23, 2009. AR 690–98. The ALJ found Mr. Clute's left knee osteoarthritis, mild right knee osteoarthritis, right-side L4 disc herniation, chronic L4-L5 radiculopathy, and intermittent hip pain "severe." AR 692. The ALJ found that Mr. Clute retained the residual functional capacity ("RFC") to perform a range of sedentary work, but limited to no more than six hours sitting, with two hours of standing and walking in an eight-hour day. AR 695. The ALJ also found that Mr. Clute must be permitted to "change positions as needed to relieve discomfort and take a 30-minute break after 4 hours of activity." AR 695.

The ALJ subsequently concluded that Mr. Clute could perform his past relevant work as a second-hand jeans buyer at step four in the Commissioner's sequential disability analysis. AR 697. The ALJ therefore found Mr. Clute not disabled (AR 698), and Mr. Clute again appeals to this court.

2 – OPINION AND ORDER

# ANALYSIS

Mr. Clute challenges the ALJ's assessment of his credibility and that of a lay witness. Mr. Clute also challenges the ALJ's assessment of his residual functional capacity ("RFC"), and subsequent findings that he could perform his past relevant work. Mr. Clute asks this court to find him disabled or remand the matter for further proceedings.

## I.      Credibility

Mr. Clute asserts that the ALJ did not provide clear and convincing reasons for finding his symptom testimony not credible. (Pl.'s Br. (#12) 11.) Specifically, Mr. Clute argues that the ALJ improperly rejected testimony regarding his "social difficulties" and migraine headaches. *Id.* at 11–12, 14.

### A.      *Standards: Credibility*

The ALJ must consider all symptoms and pain which "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). The

ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

    **B.**    *Analysis*

        **1.**    **Mr. Clute's Testimony Regarding Social Functioning**

Mr. Clute first asserts that the ALJ failed to provide clear and convincing reasons for rejecting his testimony involving his "difficulty involving people." (Pl.'s Br. (#12) 11.) Mr. Clute specifically points to his testimony that he had to "haggle" and "barter," up to one hour at a time, in performing his past relevant work as a second-hand jeans buyer. *Id.* at 11–12. Mr. Clute also asserts that his testimony that he has a "hard time dealing with people" precludes such work. *Id.* at 12. At his June 25, 2007, hearing, Mr. Clute testified that he does not like being around people, and that he could not barter with anyone for more than thirty minutes "at the very most," depending upon the subject of the transaction. AR 674.

The ALJ did not determine which impairment may cause this symptom, but it could be caused by a number of Mr. Clute's various mental impairments. The ALJ rejected Mr. Clute's

testimony in her December 23, 2009, opinion based on the opinion of Dr. Anderson, and based on the neuropsychological evaluation the ALJ ordered conducted by Dr. McConochie. AR 697. Dr. Anderson found that his impairments were not severe, and Dr. McConochie's evaluation found that his impairment was "mild." AR 697. These are clear and convincing reasons to reject Mr. Clute's more extreme testimony regarding social functioning.

> **2.     Mr. Clute's Testimony Regarding His Alleged Migraine Headaches**

Mr. Clute also asserts that the ALJ improperly rejected his testimony describing his alleged migraine headaches. (Pl.'s Br. (#12) 14.)

The ALJ made no findings regarding Mr. Clute's alleged migraine headaches. Mr. Clute did not allege disability due to migraine headaches in any of his initial disability applications or forms submitted in conjunction with his appeal. AR 73, 116, 130. However, Mr. Clute stated at his June 25, 2007, hearing that he experienced migraine headaches two or three times per month. AR 676.

At his December 8, 2009, hearing the ALJ asked Mr. Clute's counsel to point to the record showing Mr. Clute's alleged migraine headaches. AR 995. Mr. Clute's counsel stated that he would submit "anything again post hearing, I don't have it in front of me." *Id.* The ALJ responded, "Well, we're not holding this open. You had every opportunity to send information in, and you just told me there are no records since June of '08." *Id.* Mr. Clute now points this court to thirty-five record citations, without indicating which citation establishes a migraine headache impairment. (Pl.'s Br. (#12) 4.)

5 – OPINION AND ORDER

This court's own review of the 997 page record finds that Mr. Clute reported a "migraine headache" to a VA urgent care nurse on January 15, 2003. AR 436. On June 9, 2003, a VA nurse practitioner performing an intake assessment prior to a scheduled colonoscopy noted that Mr. Clute had a history of migraine headaches, but made no such diagnosis. AR 422. Mr. Clute subsequently reported a "migraine headache" to VA staff nurse Barbara McFarland on November 29, 2003. AR 389–91. Nurse McFarland did not confirm this diagnosis. *Id.* Notably, these reports are based upon Mr. Clute's own testimony and contain no medical evaluation, diagnosis, or treatment. AR 389–91, 422, 436. Mr. Clute's submission to this court did not cite any of these instances. (Pl.'s Br. (#12) 4.)

Nonetheless, the record contains references to migraine headaches, and Mr. Clute alleged headaches at both of his hearings. AR 676, 995. Mr. Clute, at least provisionally, raised the matter at his hearing. At a hearing, the ALJ "looks fully into the issues," 20 C.F.R. § 404.944, and a party may raise a "new issue" at his hearing. 20 C.F.R. § 404.946. Therefore, the ALJ should have considered Mr. Clute's allegation of migraine headaches and his associated testimony. The effects of this error are discussed below.

In summary, the ALJ's credibility findings are affirmed, except as they pertain to Mr. Clute's alleged migraine headaches.

## II.    Lay Witness Testimony

Mr. Clute also asserts that the ALJ erroneously evaluated his wife's testimony regarding

Mr. Clute's anger, irritability, hearing deficits, and migraine headaches. (Pl.'s Br. (#12) 11–

12, 14.)

### A.    *Standards: Lay Witness Testimony*

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d),

404.1545(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in

a position to observe the claimant's symptoms and daily activities are competent to testify

regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). The

ALJ may not reject such testimony without comment and must give reasons germane to the

witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236

F.3d at 512. The ALJ may also reject lay testimony predicated upon the testimony of a claimant

found not credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

### B.    *Analysis: Lay Witness Testimony*

The ALJ noted Mrs. Clute's testimony that Mr. Clute "is irritable and has problems with

memory." AR 696. The ALJ continued, "Mrs. Clute reports that her husband remains able to

perform a variety of activities such as going shopping, attending church regularly, and visiting

family members despite his mental impairments. Such activities are not consistent with Mr.

7 – OPINION AND ORDER

Clute's allegations of severe deficits in social functioning." *Id.* The ALJ therefore gave "partial weight" to Mrs. Clute's testimony. *Id.*

The ALJ may reject lay testimony for reasons germane to the witness. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Internal inconsistencies and reference to activities of daily living inconsistent with an allegation of disability constitute germane reasons. *See Smolen*, 80 F.3d at 1284 (citing such reasons for finding testimony not credible). The ALJ found Mr. Clute's activities, described by Mrs. Clute, inconsistent with Mr. Clute's allegation of profound difficulties in social functioning. AR 696. When two reasonable interpretations of the evidence arise, this court must affirm the ALJ's interpretation. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's finding that Ms. Clute's testimony describing Mr. Clute's daily activities contradicted Mr. Clute's alleged limitations stemming from his unspecified social difficulties is a reasonable interpretation of her testimony. The ALJ's finding regarding Mrs. Clute's testimony on this matter is therefore affirmed.

Mr. Clute also submits that Mrs. Clute's testimony establishes limitations due to his alleged migraine headaches. (Pl.'s Br. (#12) 14.) At Mr. Clute's December 8, 2009, hearing, Mrs. Clute testified that Mr. Clute has migraine headaches "at least" once per month, and "doesn't feel good for days after he's had a headache." AR 995. Mrs. Clute stated that Mr. Clute remains in bed during these periods. *Id.* As discussed above, the medical record contains some references to migraine headaches. AR 422, 436, 489–91, 837.   Contrary to the ALJ's remarks at Mr. Clute's December 8, 2009, hearing (AR 995), Mrs. Clute's testimony regarding Mr. Clute's migraines

headaches is at least provisionally supported by the medical record. A court may not find omission of lay testimony harmless unless it may confidently conclude that the "ALJ's decision remains legally valid, despite such error." *Carmickle v. Commissioner*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The vocational expert stated that an individual missing more than three days of work per month would be unable to sustain employment. AR 686. Therefore, Mrs. Clute's testimony would establish disability, if credited. The ALJ's omission is thus subject to reversal.

In summary, the ALJ's findings regarding Ms. Clute's testimony pertaining to Mr. Clute's alleged social difficulties are affirmed. The ALJ's omission regarding Mrs. Clute's testimony addressing her husband's alleged migraine headaches is not sustained. The effects of this error are discussed below.

## III.    <u>Residual Functional Capacity Evaluation</u>

Mr. Clute asserts that the ALJ erroneously omitted limitations from his RFC assessment. Mr. Clute specifically asserts that the ALJ's RFC assessment should have included his alleged difficulties in social functioning, and the effects of his hearing loss, tinnitus, and migraine headaches in the RFC. (Pl.'s Br. (#12) 15–16.)

### A.    *Standards: Residual Functional Capacity*

A claimant's RFC is the most he can do in spite of his impairments. 20 C.F.R. §404.1545(a). In construing a claimant's RFC, the ALJ considers a claimant's medical record and symptom testimony, as well as statements by lay witnesses. 20 C.F.R. § 404.1545(a)(3). The RFC includes all work-related impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2).

**B.**     *Analysis*

The court considers each of the ALJ's alleged omissions.

**1.     Social Functioning**

The ALJ's step two analysis found that Mr. Clute has "moderate" difficulties in his social functioning. AR 694. Here the ALJ cited Mrs. Clute's reports that he is irritable, but attends church and visits his brother. *Id.* The ALJ's subsequent RFC analysis also cited Mr. Clute's testimony regarding his inability to "haggle" for thirty minutes at a time in performing his past relevant work as a second-hand jeans buyer. AR 695.

Mr. Clute now asserts that the ALJ's RFC should have included limitations stemming from this "moderate" impairment in social functioning. (Pl.'s Br. (#12) 15–16.) The RFC must include all the claimant's impairments causing work-related limitations in combination, including those designated as "non-severe." 20 C.F.R. § 404.1545(a)(2). Mr. Clute correctly asserts that the ALJ failed to include his moderate social difficulties in his RFC assessment, although the ALJ included a restriction to "superficial" public contact in her questions to the vocational expert (AR 685), discussed above.

Mr. Clute again asserts that the ALJ's omission of his social difficulties is significant because his ability to perform his past relevant work as a second-hand jeans buyer is impeded by his social difficulties. (Pl.'s Br. (#12) 16.) This assertion is again unsupported by the record: the vocational expert at Mr. Clute's June 25, 2007, hearing testified that Mr. Clute's past relevant work as a second-hand jeans buyer required less than "superficial" public contact. AR 685. Mr.

Clute's counsel did not solicit further testimony regarding this limitation. The vocational expert was also present at Mr. Clute's December 8, 2009, hearing but neither Mr. Clute's counsel nor the ALJ solicited testimony regarding the effect of Mr. Clute's social difficulties upon his ability to perform his past relevant work. AR 992–97.

Mr. Clute bears the burden of production at step four in the sequential proceeding. *Pinto v. Massanari*, 249 F.3.d 840, 844 (9th Cir. 2001). Mr. Clute fails to establish that the ALJ's RFC assessment erroneously omitted additional limitations stemming from his alleged social difficulties. Mr. Clute additionally fails to establish that such an omission precludes performance of his past relevant work at step four in the sequential proceedings. This submission is therefore rejected.

### 2.    Hearing Loss and Tinnitus

Mr. Clute also asserts that the ALJ's RFC should have included limitations stemming from his alleged hearing loss and tinnitus. (Pl.'s Br. (#12) 16.)

The ALJ did not discuss Mr. Clute's hearing loss and tinnitus symptoms. Mr. Clute did not initially allege disability due to these impairments. AR 73. His "Function Report," completed in conjunction with his application for benefits on January 6, 2004, declined to indicate that his alleged impairments caused any "hearing" difficulties. AR 98. He did not indicate hearing deficits on an undated "Disability Report – Appeal" form (AR 116–22), or on a similar form completed on November 28, 2005.

11 – OPINION AND ORDER

Mr. Clute did not assert any hearing difficulties at his June 25, 2007, hearing, in response to questioning about "communication" from his counsel.   AR 675. Upon further questioning, Mr. Clute stated that he has tinnitus symptoms "all the time," that his "hearing is not great," but that he could hear his attorney's voice "pretty good." AR 677. Finally, Mr. Clute and his counsel did not cite Mr. Clute's hearing deficits at his December 8, 2009, hearing. AR 992–97.

Because Mr. Clute, who was represented by counsel, did not allege work-related limitations stemming from his alleged hearing impairments, the ALJ was under no obligation to discuss such alleged impairments. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Mr. Clute therefore fails to establish error regarding any effect of his hearing deficits upon the ALJ's decision.

### 3.    Migraine Headaches

Finally, Mr. Clute asserts that the ALJ should have included RFC limitations stemming from his migraine headaches. (Pl.'s Br. (#12) 16.) Mr. Clute does not point to any functional limitations, but asserts that based upon the vocational expert's testimony his migraine headaches precluded all work activity. *Id.*

Mr. Clute did not allege disability, initially or upon appeal, due to his migraine headaches AR 73, 116, 130. However, as discussed, Mr. Clute testified that his alleged migraines caused work-related limitations, and the record shows some instances of migraine headaches. The ALJ was therefore obliged to consider this alleged impairment and related testimony in construing Mr. Clute's RFC.

The ALJ's RFC findings regarding Mr. Clute's alleged social difficulties and hearing impairments are affirmed. The ALJ erred regarding Mr. Clute's migraine headaches. The effects of this error are discussed below.

## V.    <u>Onset Date</u>

Finally, Mr. Clute argues that he amended his alleged onset date at his December 8, 2009, hearing. (Pl.'s Br. (#12) 9.) The hearing transcript does not reflect this assertion. AR 992–997. Mr. Clute now relies upon an exhibit attached to his submission to this court, which reflects a letter dated December 15, 2009, addressed to the ALJ, amending his onset date to December 1, 2007. (Pl.'s Br. (#12) Attachment.) This letter is not in the administrative record now before this court.

This court's review is restricted to the administrative record. 42 U.S.C. § 405(g). Because of this jurisdictional restriction, Mr. Clute may not now submit new evidence to this court. This court therefore declines to consider such evidence. Mr. Clute initially alleged disability onset as of March 7, 2004, (AR 74, 690) and that alleged onset date remains effective.

## VI.    <u>Remand</u>

The ALJ erroneously evaluated Mr. and Mrs. Clute's testimony regarding Mr. Clute's migraine headaches, and erroneously omitted consideration of Mr. Clute's migraine headaches from his RFC assessment. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose

13 – OPINION AND ORDER

would be served by further administrative proceedings or when the record has been fully

developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v.*

*Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate

award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

determination of disability can be made, and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178

(quoting *Smolen*, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the

Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits

upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir.

2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991)).

Here, the ALJ failed to properly evaluate the testimony of Mr. and Mrs. Clute regarding

Mr. Clute's migraine headaches. The ALJ's subsequent RFC assessment is therefore not based

upon the proper legal standards pertaining to that testimony.

Both Mr. and Mrs. Clute testified that Mr. Clute experiences migraine headaches which

debilitate him for several days each month. AR 676, 995. The ALJ asked the vocational expert

whether an individual missing up to three days of work per month due to migraine headaches

would be able to sustain employment. AR 685. The ALJ responded that such absences were

"excessive" and would result in "fairly early probation or termination" in the workplace. AR 686.

14 – OPINION AND ORDER

However, Mr. Clute must also show that he has an impairment which could reasonably cause this testimony. *Smolen*, 80 F.3d at 1281 n.1. The medical record establishes that Mr. Clute reported migraine headaches, but shows no instances of diagnosis or treatment. AR 422, 436, 489–91, 837. This court therefore declines to credit this evidence.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter must be remanded for further proceedings addressing the improperly evaluated evidence discussed above. *Id.* The ALJ must address Mr. Clute's allegation of migraine headaches, the relevant medical record, and Mr. and Mrs. Clute's associated testimony. If necessary, the ALJ must then revise her RFC analysis and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Mr. Clute's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating any revised findings.

## CONCLUSION

For these reasons, I REVERSE the Commissioner's final decision and REMAND for further proceedings consistent with this opinion and order.


IT IS SO ORDERED.

DATED this   27th   day of April, 2011.


                                        /s/ Michael W. Mosman_____
                                        MICHAEL W. MOSMAN
                                        United States District Court


15 – OPINION AND ORDER